UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON BURRIS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV1940 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], filed on November 19, 2007. Movant was granted leave to file an Amended Motion on July 2, 2008. Pursuant to this Court's Orders, the government has responded to the motion and its amendment. On July 31, 2008, this Court held a hearing with respect to Movant's claim that he received ineffective assistance of counsel on the ground that he requested an appeal and counsel failed to file an appeal on his behalf. After hearing testimony and argument on this ground, the Court denied Movant's claim. For the reasons set forth below, the remainder of the Motion is denied without a hearing.

## Movant's Claims

In his Motion, Movant makes the following claims:

**Ground One**: Movant was denied his 5th Amendment Right to "Due Process" when the AUSA engaged in Prosecutorial Misconduct to Obtain his Conviction.

**Ground Two**: Movant was denied his Sixth Amendment Right to the Effective Assistance of Counsel during the Pre-Trial, Trial, and Sentencing Proceedings, where Counsel failed to Adversarily Challenge and/or Scrutinize the Government Case where there existed Favorable and Contradictory Scientific Exculpatory Evidence Supporting the Defendants [sic] Version; and a Sentencing to Present Relevant Evidence that this Defendants [sic] Criminal History was inflated erroneous [sic] or the Basis Thereto Violated the Ex Post Facto Clause of the Constitution

**Ground Three**: Defendant's Sentence Exceeds the Sentencing Guidelines Ranges because the Court was Erroneously Advised by the AUSA that the Defendant's Criminal History was a Level 6, to his Substantial Prejudice and over his Objection Thereto.

**Ground Four**: Defendant has been subjected to Cumulative Reversible Constitutional Errors as shown above which has Prejudicially Deprived Him from His Guarantee of a Fair and Impartial Trial and Sentencing.

In his Amended Motion, Movant makes the following claims:

**Ground One**: Whether Defense Counsel's Advise to Petitioner was so Erroneous as to Render Petitioner's Plea Involuntary and Unintelligent; and if not, whether the AUSA Engaged in Prosecutorial Misconduct by Misrepresenting the Plea Agreement's Provisions to Obtain Petitioner's Plea and now is Attempting to Deprive Him of the Bargained for Benefits Thereof?

**Ground Two**: Whether Defense Counsel was so Ineffective that she also Deprived Petitioner of Due Process When she Encouraged Petitioner to Acquiesce Post Booker and Blakey [sic] to Uncharged Misconduct which was not in the Indictment, nor Presented to a Jury but could be used to Enhance Petitioner's Sentence; and if not, whether

the AUSA Engaged in Prejudicial Prosecutorial Misconduct by
Subverting the Rule of Law Established in Booker and Blakey when he
Incorporated into the Plea Agreement Uncharged Misconduct which
was not in the Indictment nor Presented to a Jury but could be used to
Enhance Petitioner's Sentence?

**Ground Three**: During the Pendency of These Proceedings, the
Sentencing Guidelines were Amended, Retroactively, for a Two-Level
Reduction of the Base Offense Level, in Crack-Cocaine Cases Only, in
light of the Above, Whether Petitioner is Entitled to a 27 Month
Sentence Reduction from the Low End of a Base Offense Level 31 to
the Low End of a Base Offense Level 29 which is Commensurate with
a Two-Level Reduction

## **Facts and Background**

Respondent has provided the following summary of the underlying facts

giving rise to Movant's conviction:

> On March 10, 2006, St. Louis Metropolitan Police officers, acting on
> information that Burris distributed cocaine base (crack) from his
> vehicle, established surveillance of Burris. After witnessing Burris
> engage in a hand-to-hand transaction and return to his vehicle, the
> officers activated their emergency lights and sirens, and approached.

Burris responded by speeding away, striking a handicap parking sign in the process.
The officers gave pursuit, following Burris to a 7-11 parking lot where he exited his
vehicle and attempted to flee. Burris' efforts to escape were unsuccessful and he
was taken into custody. Following his arrest, Burris waived his Miranda rights and
admitted to the arresting officers that he was, indeed, in possession of narcotics.
The officers subsequently searched Burris' vehicle where they found and seized a
quantity of cocaine base (crack) and other drug paraphernalia in the trunk.

Movant was indicted on March 23, 2006 in a one-count indictment charging

Movant with possession with intent to distribute more than fifty grams of cocaine

- 3 -

base (crack) in violation of 21 U.S.C. § 841(a)(1). On August 11, 2006, Movant entered a plea of guilty pursuant to a Plea Agreement, Guidelines Recommendation and Stipulations. In the Plea Agreement, Movant agreed that after seeing the police surveillance car activate its emergency lights and sirens, he sped away, striking a handicapped parking sign; he attempted to run away, and the police ultimately stopped him. He further agreed that the police seized three baggies of crack from the trunk of his car which were later determined to weigh 56.92 grams.

Movant disagreed in the Plea Agreement with Respondents' recommendation that six levels should be added to his base offense level under the Guidelines Manual for assaulting a law enforcement officer during the course of his offense or immediate flight therefrom.

At sentencing on November 9, 2006, Movant agreed, through counsel, to accept a two level enhancement to his base offense level for recklessly creating a substantial risk of death of serious bodily harm to another person during his flight from the officers in lieu of Respondent seeking a six level enhancement for assaulting an officer. The Court sentenced Movant to 135 months imprisonment. This sentence is at the bottom of the advisory Guidelines range to which the parties agreed.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 2009 WL 764167 *7 (8th Cir. March 25, 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658

(1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not

deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim

of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## **Discussion**

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007).

Movant entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a direct appeal, and his right to bring a 28 U.S.C. § 2255 challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel. The Court will enforce the appeal waiver here. The record reflects that Movant understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the direct appeal falls within the scope of the waiver; and no injustice would result. *See United States v. Andis,* 333 F.3d 886, 889-92 (8th Cir.2003) (en banc) (discussing enforceability of appeal waiver); *United States v. McIntosh,* 492 F.3d 956, 960 (8th Cir.2007) (concluding appeal waiver was knowing and voluntary when it was included in plea agreement, court questioned defendant about his understanding of waiver, and defendant did not argue on appeal that waiver was unknowing or involuntary). Claims based on ineffective assistance of counsel may be raised in section 2255 proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir.2003).

<strong><u>Ground One</u></strong>:  <u>Movant was denied his<br>
5th Amendment Right to "Due Process" when the AUSA<br>
engaged in Prosecutorial Misconduct to Obtain his Conviction.</u>

Movant argues that Respondent withheld certain evidence that he claims was favorable to him, and that Respondent relied on perjured testimony to obtain his conviction. These issues were not raised on appeal and are therefore procedurally

defaulted.[1]   Movant has presented nothing to establish cause or actual prejudice.

Movant acknowledged that he was fully apprised by counsel of his rights to appeal and that he fully understood them.  Moreover, the Court advised Movant of his rights to appeal at sentencing.  Again, Movant acknowledged that he understood those rights.

Likewise, Movant cannot establish any prejudice resulting from his failure to appeal his claim of prosecutorial misconduct.  Movant admitted under oath that he had committed the charged violation; he agreed to the factual background presented by Respondent and that his plea was knowingly and voluntarily made.  Movant's argument now that his sworn testimony was perjured is simply unfounded, absurd, and unbelievable.  This Court thoroughly questioned and observed Movant during his plea.  Movant agreed that his plea was knowing, voluntary and made of his own free will with the full understanding of the nature and consequences of the plea.  He cannot now claim ignorance or involuntariness of his failure to appeal the alleged prosecutorial misconduct which allegedly occurred prior to the plea.

> **Ground Two:**  Movant was denied his Sixth Amendment
> Right to the Effective Assistance of Counsel during
> the Pre-Trial, Trial, and Sentencing Proceedings,
> where Counsel failed to Adversarily Challenge

---

[1] Movant attempted to blame Counsel for his failure to appeal, however, as previously noted, the Court found Counsel was not asked by Movant to file an appeal on his behalf.

<u>and/or Scrutinize the Government Case where
there existed Favorable and Contradictory
Scientific Exculpatory Evidence Supporting
the Defendants [sic] Version; and a Sentencing to
Present Relevant Evidence that this Defendants [sic]
Criminal History was inflated erroneous [sic]
or the Basis Thereto Violated the Ex Post Facto Clause
of the Constitution</u>

Movant contends that his appointed counsel was ineffective in that she failed to "adversarily" challenge Respondent's case. This claim is clearly belied by the record before the Court. At the plea hearing, the Court extensively questioned Movant as to counsel's representation. Movant admitted that he was fully satisfied with the advise counsel had given; that she had answered all of Movant's questions completely and to his satisfaction; that there was nothing that she failed to do for him; and that Movant had had enough time to review and discuss the case with his lawyer.

Furthermore, Movant's arguments of a set up are unsupported by any evidence in the record. On the contrary, the record is replete with evidence of Movant's guilt.

Notwithstanding Movant's accusations of ineffectiveness, the record clearly establishes that counsel vehemently represented Movant. She strategically filed a motion to suppress and was able to secure a negotiated agreement with respect to

the six vs. two level enhancement. Counsel's representation does, in no way, fall within the stringent perimeters of *Strickland*.

### Ground Three and Four

The Court agrees with Respondent that Grounds Three and Four are merely conclusory restatements of Movant's previously articulated claims of prosecutorial misconduct and ineffective assistance of counsel. These grounds are therefore denied based on the discussion above. Interestingly, Movant challenges Respondent's assessment of a six level enhancement. Counsel for Movant, as previously noted, skillfully negotiated a two level enhancement instead of six levels. This fact deflates both Movant's ground three *and* his claim of ineffective assistance of counsel.

Additionally, Movant's valid waiver of appellate rights precludes Movant from raising matters which are not founded upon prosecutorial misconduct at sentencing or ineffective assistance of counsel. Movant's Grounds Three and Four are without merit.

### Amended Motion

In his Amended Motion, Movant makes the following claims:

**Ground One**: Whether Defense Counsel's Advise to Petitioner was so Erroneous as to Render Petitioner's Plea Involuntary and Unintelligent; and if not, whether the AUSA Engaged in Prosecutorial Misconduct by

> Misrepresenting the Plea Agreement's Provisions to Obtain Petitioner's Plea and now is Attempting to Deprive Him of the Bargained for Benefits Thereof?

Once again, the record belies Movant's claim that either the prosecutor's misconduct or counsel's advise caused his failure to file an appeal. At the Plea hearing, this Court extensively delineated Movant's rights and waiver of his rights; the Court likewise inquired as to Movant's understanding of the nature and extent of the Plea Agreement and at sentencing advised Movant of his rights to appeal, specifically setting out the time and manner in which the appeal must be taken.

> **Ground Two**: Whether Defense Counsel was so Ineffective that she also Deprived Petitioner of Due Process When she Encouraged Petitioner to Acquiesce Post Booker and Blakey [sic] to Uncharged Misconduct which was not in the Indictment, nor Presented to a Jury but could be used to Enhance Petitioner's Sentence; and if not, whether the AUSA Engaged in Prejudicial Prosecutorial Misconduct by Subverting the Rule of Law Established in Booker and Blakey when he Incorporated into the Plea Agreement Uncharged Misconduct which was not in the Indictment nor Presented to a Jury but could be used to Enhance Petitioner's Sentence?

As Respondent points out, Movant's two level enhancement for running over a handicapped sign was a negotiated concession by Respondent in lieu of the six level enhancement Respondent originally sought. Movant was benefitted by this negotiated enhancement by four levels. That he now complains that counsel was ineffective and/or the prosecutor engaged in misconduct because of this negotiated

sentencing enhancement is incredulous. Courts have regularly accepted plea agreements wherein a defendant will receive a lesser sentence enhancement in exchange for a guilty plea. *Bledsoe*, 445 F.3d 1071.

### Ground Three

As Respondent correctly argues, Movant was granted a reduction in his sentence pursuant to 18 U.S.C. § 3582 on July 25, 2008 and therefore Ground three is denied as moot.

### Conclusion

Based upon the foregoing analysis, none of the grounds upon which Movant relies entitles him to relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that

Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and its amendment, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 27th day of April, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE